# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **IN RE WILLIAMS SECURITIES LITIGATION**<br><br>This Document Relates To: WMB Subclass | Case No. 02-CV-72-SPF-FHM<br><br>Lead Case<br><br>Judge Stephen P. Friot<br>Magistrate Judge Frank H. McCarthy<br><br>**ECF Filed** |

## ORDER PRELIMINARILY APPROVING SETTLEMENT, CERTIFYING SETTLEMENT CLASS AND PROVIDING FOR NOTICE

**WHEREAS:**

A. WMB Subclass Lead Plaintiffs Ontario Teachers' Pension Plan Board ("Ontario Teachers") and Arkansas Teacher Retirement System ("ATRS") (collectively the "Lead Plaintiffs"), on behalf of themselves and the members of the WMB Subclass, and defendants The Williams Companies, Inc. ("Williams"), the Individual Settling Defendants, the Underwriter Defendants, and Ernst & Young LLP ("E&Y") (collectively "Settling Defendants") have entered into a Stipulation of Settlement dated as of August 28, 2006 (the "Stipulation") [docket entry 1503] in full and final settlement of all claims asserted, or that could have been asserted, against Settling Defendants or any other Released Person, the terms of which are set forth in the Stipulation (the "Settlement")[1];

B. Lead Plaintiffs have moved, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an Order preliminarily approving the Settlement in accordance with the terms of the Stipulation and providing for notice to the WMB Subclass, and certifying this action as a class action for settlement purposes pursuant to Rule 23(a) and Rule 23(b)(3) [docket entry 1502]; and

C. The Court having read and considered the Stipulation and exhibits thereto, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court, for purposes of this Order, adopts all defined terms as set forth in the Stipulation.

---

[1] The "Individual Settling Defendants" include: Keith Bailey, Jack McCarthy, Gary Belitz, Steven Malcolm, William E. Hobbs, Hugh M. Chapman, Thomas H. Cruikshank, W.R. Howell, Charles M. Lillis, Frank T. MacInnis, Peter C. Meinig, Janice D. Stoney, Glenn A. Cox, William E. Green, James C. Lewis, George Lorch, Gordon R. Parker, and Joseph H. Williams.

The "Underwriter Defendants" include: Merrill Lynch & Co. Inc., Salomon Smith Barney Inc. n/k/a Citigroup Global Markets, Inc., Lehman Brothers Inc., Banc of America Securities LLC, Credit Suisse First Boston Corp. n/k/a Credit Suisse Securities (USA) LLC, CIBC World Markets Corp., Goldman, Sachs & Co., and UBS Warburg, LLC (n/k/a UBS Securities, LLC).

2. The Court hereby certifies the Litigation to proceed as a class action for purposes of effectuating the Settlement only, pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of all Persons or entities that purchased or otherwise acquired the following securities of The Williams Companies, Inc. between July 24, 2000 and July 22, 2002, inclusive, and were allegedly injured thereby (collectively the "WMB Subclass" or the "Settlement Class"):

> (1) Williams common stock in the open market;
>
> (2) approximately 38,000,000 shares of Williams common stock issued pursuant or traceable to a Prospectus, Prospectus Supplement, and Registration Statement declared effective by the SEC on or about January 16, 2001;
>
> (3) approximately 30,000,000 shares of Williams common stock issued pursuant or traceable to a Form S-4 Registration Statement declared effective by the SEC on or about June 15, 2001 in connection with the August 2, 2001 merger of Barrett Resources Corporation into Williams;
>
> (4) Williams 7.125% Notes due 2011 and/or Williams 7.875% Notes due 2021 issued pursuant or traceable to a Prospectus, Prospectus Supplement, and Registration Statement declared effective by the SEC on or about August 16, 2001; and
>
> (5) approximately 44,000,000 FELINE PACS issued pursuant or traceable to a Prospectus, Prospectus Supplement, and Registration Statement declared effective by the SEC on or about January 7, 2002.

Excluded from the Settlement Class are: the Settling Defendants; members of the families of each of the Individual Settling Defendants; any parent, subsidiary, affiliate, partner, officer (having the title of senior vice president or above), executive, or director of any Settling Defendant during the Settlement Class Period; any entity in which any such excluded person has a controlling interest; and the legal representatives, heirs, successors and assigns of any such excluded person or entity. Also excluded from the Settlement Class is any Person or entity who or which properly excludes himself, herself or itself by filing a valid and timely request for exclusion in accordance with the

requirements set forth in the Notice. As used in this paragraph, "any entity in which any such excluded person has a controlling interest" means that any such entity is excluded from the Settlement Class to the extent that the entity itself had a proprietary (i.e., for its own account) interest in Williams securities. In the event that any such entity beneficially owned Williams securities in a fiduciary capacity or otherwise held Williams securities on behalf of third party clients or any employee benefit plans that otherwise fall within the Settlement Class, such third party clients and employee benefit plans shall not be excluded from the Settlement Class, irrespective of the identity of the entity or person in whose name the Williams securities were beneficially owned or otherwise held. For example, Williams securities shall not be excluded from the Settlement Class to the extent held (i) in a registered or unregistered investment company (including a unit investment trust) for which an entity in which any defendant in the Litigation has a controlling interest serves as investment manager, investment adviser or depositor; or (ii) (a) in a life insurance company separate account, or (b) in a segment or subaccount of a life insurance company's general account to the extent associated with insurance contracts under which the insurer's obligation is determined by the investment return and/or market value of the assets held in such segment or subaccount. A Settling Defendant shall be deemed to have a "controlling interest" in an entity if such Settling Defendant has a beneficial ownership interest, directly or indirectly, in more than 50% of the total outstanding voting power of any class or classes of capital stock that entitle the holders thereof to vote in the election of members of the Board of Directors of such entity. "Beneficial ownership" shall have the meaning ascribed to such term under Rule 13d-3 of the Securities Exchange Act of 1934, as amended, or any successor statute or statutes thereto. The members of the WMB Subclass are referred to as "WMB Subclass Members," "Members of the WMB Subclass," "Settlement Class Members" or "Members of the Settlement Class."

3.     The Court finds and concludes, for purposes of the Settlement only, that the prerequisites to class action certification under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) the Lead Plaintiffs and Lead Counsel for the Settlement Class, Bernstein Litowitz Berger & Grossmann LLP, and Liaison Counsel for the Settlement Class, the Burrage Law Firm, have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     The Court hereby finds and concludes, for purposes of the Settlement only, that pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiffs Ontario Teachers and ATRS are adequate class representatives and certifies them as class representatives for the Settlement Class.

5.     The Court preliminarily approves the Settlement on the terms set forth in the Stipulation, subject to further consideration at a hearing to be held before this Court on February 9, 2007, at 10:00 a.m., before the Honorable Stephen P. Friot, United States District Judge, at the United States District Court for the Northern District of Oklahoma, 333 W. Fourth St., Tulsa, OK 74103 (the "Settlement Hearing"), to determine: (a) whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate and should be approved by the Court; (b) whether the Plan of Allocation is fair, adequate, and reasonable and should be approved by the Court; (c) whether the claims against Settling Defendants should be

dismissed with prejudice as set forth in the Stipulation; and (d) whether the combined application for an award of attorneys fees and reimbursement of litigation expenses incurred should be approved.

6.  The Court approves the form, substance and requirements of the Notice (as revised by the Court) of (1) Proposed Settlement of Securities Class Action, (2) Certification of a Settlement Class, (3) Settlement Hearing, (4) Application for Attorneys' Fees and Expenses, and (5) Proposed Plan of Allocation (the "Notice"), Summary Notice of Pendency of Class Action and of Proposed Settlement of Class Action (the "Summary Notice") (together the "Notices") and the Proof of Claim and Release ("Proof of Claim"), and finds that the procedures established for publication, mailing and distribution of such Notices substantially in the manner and form set forth in ¶¶7 and 8 of this Order constitute the best notice practicable under the circumstances and are in full compliance with the notice requirements of due process, Rule 23 of the Federal Rules of Civil Procedure and Section 21 D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

7.  Lead Counsel shall cause the Notice and the Proof of Claim, substantially in the forms annexed as Exhibit A-1 (as revised by the Court) and A-2 to the Stipulation, to be mailed, by first class mail, postage prepaid, on or before fourteen (14) calendar days after this Order is entered, to all known Settlement Class Members at the address of each such Person as set forth in the records of Williams or its transfer agent, or who otherwise may be identified through reasonable effort (the "Notice Date").

8.  Lead Counsel shall cause the Summary Notice, substantially in the form annexed as Exhibit A-3 to the Stipulation, to be published once in *The Wall Street Journal* and once in the *Tulsa*

*World,* within ten (10) calendar days of the Notice Date. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

9. To effectuate the provision of notice provided for in paragraph 7 hereof, Lead Counsel or their agents shall lease and maintain a post office box of adequate size for the return of Proofs of Claim.

10. The Court approves Lead Plaintiffs' selection of The Garden City Group, Inc. as the Claims Administrator. The reasonable and necessary Notice and Administration Expenses and escrow fees and costs, if any, shall be paid out of the Escrow Account, without further Order of the Court. Prior to the Effective Date, no other amounts shall be paid out of the Escrow Account without further Order of the Court except as set forth in the Stipulation.

11. Lead Counsel shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other Persons or entities who purchased or acquired Williams securities during the Settlement Class Period as record owners but not as beneficial owners. Such nominees who hold or held Williams securities for beneficial owners who are Settlement Class Members are directed to send a copy of the Notice and the Proof of Claim to the beneficial owner of the securities postmarked no more than ten (10) business days from the date of the Notice, or to provide the names and addresses of such Persons no later than ten (10) business days from the date of the Notice to Williams Securities Litigation, c/o The Garden City Group, Inc., Claims Administrator, P.O. Box 91185, Seattle, WA 98111-9285, in which case the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. If nominees choose to mail the Notice and Proof of Claim themselves, within ten (10) business days of such mailing, the nominees must send a statement to the Claims Administrator confirming that the mailing was made as directed. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable

expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund.

12.   Lead Counsel or their agents are authorized and directed to prepare any tax returns required to be filed for the Escrow Account and to cause any taxes due and owing to be paid from the Escrow Account without further Order of the Court.

13.   Any Person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement Class, by submitting a request for exclusion no later than December 22, 2006, in the manner set forth in the Notice. All Members of the Settlement Class who do not timely request exclusion from the Settlement Class in the form and manner set forth in the Notice, will be bound by the Settlement provided for in the Stipulation, and by any judgment or determination of the Court affecting the Settlement Class, whether favorable or unfavorable to the Settlement Class.

14.   Settlement Class Members requesting exclusion from the Settlement Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

15.   Lead Counsel shall submit their papers in support of final approval of the Settlement and the combined application for attorneys fees and reimbursement of litigation expenses by no later than January 12, 2007.

16.   Any Member of the Settlement Class who has not requested exclusion from the Settlement Class may appear at the Settlement Hearing to show cause why the proposed Settlement should not be approved as fair, reasonable and adequate; why a judgment should not be entered

thereon; why the proposed Plan of Allocation should not be approved as fair and reasonable, or why the application for an award of attorneys fees and reimbursement of litigation expenses should not be granted, *provided, however,* that no Member of the Settlement Class shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the Judgment to be entered approving the same, the approval of the proposed Plan of Allocation, or the attorneys fees and reimbursement of litigation expenses requested, unless such Settlement Class Member has served by hand, overnight-delivery service or first-class mail, for receipt on or before January 19, 2007, written objections and copies of any supporting papers and briefs (which must contain proof of all purchases, acquisitions, sales and dispositions of Williams publicly traded securities during the Settlement Class Period), upon Lead Counsel and counsel for Settling Defendants, and filed those papers with the Clerk of the Court as provided in the Notice. Persons who intend to object to the Settlement, Plan of Allocation, and/or the application for an award of attorneys fees and litigation expenses, and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

17.  Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Judgment to be entered approving the Settlement, or the attorneys fees and reimbursement of litigation expenses requested.

18.  In order to be entitled to participate in the Settlement, in the event the Settlement is effected in accordance with all of the terms and conditions set forth in the Stipulation, each Settlement Class Member shall take the following actions and be subject to the following conditions:

        (a)    A properly executed Proof of Claim, substantially in the form attached as Exhibit A-2 to the Stipulation, must be completed and submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than [120 days after the Notice Date]. Such deadline may be further extended by Court Order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the filing of the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it is actually received at the address designated in the Notice.

        (b)    The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel or the Claims Administrator; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of his or her current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim to the satisfaction of Lead Counsel and the Claims Administrator; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

        (c)    As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

19. The Court expressly reserves the right to adjourn the Settlement Hearing, or any adjournment thereof, without any further notice other than an announcement at the Settlement Hearing, or any adjournment thereof, and to approve the Stipulation with modification approved by the parties to the Stipulation and without further notice to Settlement Class Members.

20. Neither Settling Defendants nor Settling Defendants' counsel shall have any responsibility whatsoever for the Plan of Allocation nor for any application for attorney fees or reimbursement of litigation expenses submitted, and such matters will be considered separately from the fairness, reasonableness and adequacy of the Settlement.

21. The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund shall be under the authority of this Court.

22. Pending final determination of whether the Settlement should be approved, Lead Plaintiffs and all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Claims against any Released Persons.

23. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis,* and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

24. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Settling Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault or wrongdoing of any kind.

25. The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

Dated:     October 5, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

02-0072p117.PO.wpd